The Greif Brothers Cooperage Corporation, Petitioner, et al.,[1] *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 88368–88390. Promulgated December 8, 1938.

*F. E. Gleach, Esq.,* and *H. A. Mihills, C. P. A.,* for the petitioners.
*C. H. Curl, Esq.,* for the respondent.

OPINION.

Leech: These consolidated proceedings involve deficiencies in excess profits taxes for the fiscal year ended October 31, 1934, determined by respondent as follows:

| Petitioner | Docket No. | Deficiency |
|---|---|---|
| Alabama Stave Co | 88389 | $1,145.85 |
| Etowah Heading Co | 88386 | 225.97 |
| Goodman Stave Co | 88370 | 83.61 |
| Greif Brothers Cooperage Co | 88387 | 9,676.69 |
| Jefferson County Stave Co | 88373 | 160.41 |
| Vaiden Stave Co | 88371 | 68.52 |
| West Stave Co | 88372 | 59.18 |
| The J. R. Raible Co | 88388 | 525.46 |
| Struthers Cooperage Co | 88390 | 45.03 |

[1] Proceedings of the following petitioners are consolidated herewith: Goodman Stave Company; Vaiden Stave Company; West Stave Company; Jefferson County Stave Company; The Southern States Manufacturing Company; Etowah Heading Company; Greif Brothers Cooperage Company; The J. R. Raible Company; Alabama Stave Company; Struthers Cooperage Company.

Transferee liabilities have been proposed by respondent against the petitioner, Greif Brothers Cooperage Corporation, with respect to the deficiencies set out above against the first seven listed petitioners. These latter proceedings are before the Board under Docket Nos. 88368, 88369, 88374, 88375, 88376, 88377, and 88378. In seven of the proceedings, Docket Nos. 88379 to 88385, inclusive, transferee liability is also proposed against the Southern States Manufacturing Co. In these latter proceedings it is stipulated that no transferee liability exists on the part of that petitioner but that the Greif Brothers Cooperage Corporation is the transferee of the assets of the seven taxpayers there in question and is liable for any deficiency in excess profits tax owing by them. It was further stipulated that the 25 percent penalty proposed should not be exacted in any of the cases.

The facts are stipulated and the only issue presented is the right of the several petitioners, against whom excess profits tax deficiencies have been determined, to file a consolidated return for the purpose of computing excess profits tax for the fiscal year ended October 31, 1934, or to have such tax computed on that basis.

During that fiscal year, the Alabama Stave Co., Etowah Heading Co., Greif Brothers Cooperage Co., Goodman Stave Co., Jefferson County Stave Co., Vaiden Stave Co., West Stave Co., J. R. Raible Co. and Struthers Cooperage Co. were trust associations or subsidiary companies in an affiliated group consisting of petitioner, the Greif Brothers Cooperage Corporation, and 28 subsidiaries.

A consolidated return was filed by the petitioner, Greif Brothers Cooperage Corporation, for itself and affiliates for the fiscal year ended October 31, 1934, reporting an income tax liability but accounting for no excess profits taxes. This return included the income of the several affiliates as shown by separate schedules made parts of the return. No issue is raised with respect to the correctness of the figures included in this return, but respondent has computed an excess profits tax upon the basis of the separate income as shown for each of the affiliates. This resulted in deficiencies in excess profits tax against each of the nine petitioners first listed above. If petitioners are entitled to have such tax liability computed upon a consolidated basis, no deficiencies exist, but if it is to be computed on a separate basis, the deficiencies, as determined by respondent, are correct.

The Revenue Act of 1934 provides:

SEC. 701. CAPITAL STOCK TAX.

(a) For each year ending June 30, beginning with the year ending June 30, 1934, there is hereby imposed upon every domestic corporation with respect to carrying on or doing business for any part of such year an excise tax of $1 for each $1,000 of the adjusted declared value of its capital stock.

SEC. 702. EXCESS-PROFITS TAX.

(a) There is hereby imposed upon the net income of every corporation, for each income-tax taxable year ending after the close of the first year in respect of which it is taxable under section 701, an excess-profits tax equivalent to 5 per centum of such portion of its net income for such income-tax taxable year as is in excess of 12½ per centum of the adjusted declared value of its capital stock (or in the case of a foreign corporation the adjusted declared value of capital employed in the transaction of its business in the United States) as of the close of the preceding income-tax taxable year (or as of the date of organization if it had no preceding income-tax taxable year) determined as provided in section 701. If the income-tax taxable year in respect of which the tax under this section is imposed is a period of less than 12 months, such adjusted declared value shall be reduced to an amount which bears the same ratio thereto as the number of months in the period bears to 12 months. For the purposes of this section the net income shall be the same as the net income for income tax purposes for the year in respect of which the tax under this section is imposed.

(b) All provisions of law (including penalties) applicable in respect of the taxes imposed by Title I of this Act, shall, insofar as not inconsistent with this section, be applicable in respect of the tax imposed by this section, except that the provisions of section 131 of that title shall not be applicable.

SEC. 703. CAPITAL STOCK TAX AND EXCESS-PROFITS TAX IMPOSED BY NATIONAL INDUSTRIAL RECOVERY ACT.

Sections 217 (d) and (e) of the National Industrial Recovery Act are amended to read as follows:

"(d) The capital-stock tax imposed by section 215 shall not apply to any taxpayer in respect of any year except the year ending June 30, 1933.

"(e) The excess-profits tax imposed by section 216 shall not apply to any taxpayer in respect of any taxable year ending after June 30, 1934."

The petitioners filed a consolidated return for the fiscal year prior to the one here involved and, under the regulations of the Commissioner applying to that year, computed excess profits tax liability upon a consolidated basis. They contend that, under these conditions, they were required to file a consolidated income and excess profits tax return for the succeeding fiscal year now in dispute and that article 5 of Treasury Decision 4469, C. B. XIII-2, page 115,[2] requiring separate returns for fiscal years ending subsequent to June

---

[2] ART. 5. *Return.*—Every corporation which is subject to the capital stock tax imposed by section 701 of the Revenue Act of 1934 shall make an excess-profits tax return for each income-tax taxable year which ends after the close of the first year in respect of which it is subject to such capital stock tax. There is no provision in the Revenue Act of 1934 which authorizes the making of a consolidated return by any affiliated group of corporations for the purpose of the excess-profits tax imposed by section 702 of that Act Accordingly, every corporation which is liable for the making of an excess-profits tax return under section 702 of the Revenue Act of 1934 (for any income-tax taxable year ending after June 30, 1934), whether or not such corporation is a member of an affiliated group of corporations, must make its excess-profits tax return and compute its net income separately, without regard to the provisions of section 141 of the Revenue Act of 1932, as amended by section 218 (e) of the National Industrial Recovery Act, or section 141 of the Revenue Act of 1934.

The excess-profits tax return shall be made within the time prescribed for making the corporation's Federal income tax return for the income-tax taxable year, and shall be made to the collector of internal revenue with whom such income tax return is required to be made.

30, 1934, is contrary to law, in view of the provisions of section 141 of the Revenue Act of 1932.[3]

It is contended by respondent that the logical interpretation of sections 701 (a), 702 and 703 of the Revenue Act of 1934 is that corporations subject to these provisions are not permitted to file consolidated returns for excess profits tax purposes if their fiscal year ends after June 30, 1934, and that Treasury Decision 4469, *supra*, correctly construes these statutory provisions and carries into effect the legislative intent. Upon careful consideration, we agree with this contention.

Section 217 (e) of the National Industrial Recovery Act, as amended by section 703 of the Revenue Act of 1934, provides that excess profits taxes imposed by section 216 of the National Industrial Recovery Act shall not apply to a taxpayer in respect of any taxable year ending after June 30, 1934, and in the present cases, the taxable year in question ended after that date. It is significant that there is no provision in the Revenue Act of 1934 for the filing of consolidated returns and that section 702 of that act clearly imposes a new excess profits tax "upon the net income of every corporation, for each income-tax taxable year ending after the close of the first year in respect of which it is taxable under section 701."

Petitioners argue that they may not be denied the right to file a consolidated return for excess profits tax purposes for the year here in controversy because a consolidated return for such purpose was required and filed for the prior fiscal year. But the propriety of such requirement is, at least, not without question. In *Colson Co.*, 37 B. T. A. 1031, we held improper the regulation of the Commissioner requiring a consolidated return for excess profits tax under the former act where the filing of such return resulted in the computation of a tax as due where, on the basis of a separate return, no such liability would have existed. A *fortiori*, the same conclusion follows here where the converse of that situation obtains. Neither the National Industrial Recovery Act nor the Revenue Act of 1934, which imposed the corporate excess profits tax, specifically permitted

---

[3] SEC. 141. CONSOLIDATED RETURNS OF CORPORATIONS.

(a) PRIVILEGE TO FILE CONSOLIDATED RETURNS.—An affiliated group of corporations shall, subject to the provisions of this section, have the privilege of making a consolidated return for the taxable year in lieu of separate returns. The making of a consolidated return shall be upon the condition that all the corporations which have been members of the affiliated group at any time during the taxable year for which the return is made consent to all the regulations under subsection (b) (or, in case such regulations are not prescribed prior to the making of the return, then the regulations prescribed under section 141 (b) of the Revenue Act of 1928 in so far as not inconsistent with this Act) prescribed prior to the making of such return; and the making of a consolidated return shall be considered as such consent. In the case of a corporation which is a member of the affiliated group for a fractional part of the year the consolidated return shall include the income of such corporation for such part of the year as it is a member of the affiliated group.

or required computation of that tax on affiliated corporations on a consolidated basis. Rather, this legislation taxed individual corporations upon the basis of their separate net incomes in excess of the specified percentage of the declared capital stock value of each such corporation. Thus, any regulation, in so far as its application exempts such separate corporations from the tax thus imposed, is invalid. *Manhattan General Equipment Co.* v. *Commissioner*, 297 U. S. 129. The primary purpose of this legislation, as disclosed by the Report of the Finance Committee of the Senate accompanying it, was to require corporations to declare a fair value for their capital stock and such purpose would be largely defeated by consolidation of such value with other affiliated corporations. Senate Finance Committee Report on section 702 of the Revenue Act of 1934, pp. 6 and 7. See *infra.*

If any doubt about the interpretation of the pertinent excess profits tax provisions of the Revenue Act of 1934 by Treasury Decision 4469, *supra,* existed, we think it is dispelled by that Senate Finance Committee Report, which reads as follows:

(b) EXCESS-PROFITS TAX (SECTION 702).—The bill reported by your committee, as already stated, provides for an excess-profits tax on every corporation for each income-tax taxable year ending after the close of the first year in respect of which it is taxable under the capital stock tax imposed by this bill. The primary purpose of this tax is to induce corporations automatically to declare a fair value for their corporate stock under section 701. The rate is 5 percent on the portion of the net income in excess of 12½ percent of the adjusted declared value of the stock of the corporation. The secondary object of the tax is to subject to a somewhat higher rate of tax abnormal profits which are out of proportion of the capital of the corporation.

The rulings of the Treasury Department permitted the filing of the consolidated return for the purpose of the excess-profits tax imposed by the National Industrial Recovery Act. The bill as reported does not permit this privilege. Inasmuch as the capital stock tax is on a separate return basis, it is impossible to make proper adjustments in the capital stock tax values without computing the net income of each corporation separately. The officials of the Bureau of Internal Revenue foresaw great difficulty in making proper adjustments under the Recovery Act in the case of the second capital stock tax return. This difficulty is obviated by the repeal of that tax, and its replacement by the tax carried in this bill for the year ending June 30, 1934.

In accordance with the stipulation of the parties, decisions of no deficiency will be entered in the proceedings in which the petitioner is the Southern States Manufacturing Co. With respect to the other proceedings, after elimination of the 25 percent penalties, as agreed,

*Decisions will be entered for the respondent.*